Gregory COX, Plaintiff–Appellant,

v.

**AMERIGAS PROPANE, INC.,**
**Defendant–Appellee.**

No. 05–17300.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 8, 2006.

R.App. P. 34(a)(2).

Gregory Cox, West Memphis, AR, pro se.

Jill Harrison, Esq., Osborn Maledon, P.A., Mark G. Kisicki, Esq., Steptoe & Johnson, LLP, Phoenix, AZ, William J. Delany, Esq., Morgan Lewis & Bockius LLP, Philadelphia, PA, for Defendant–Appellee.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

### MEMORANDUM **

Gregory Cox appeals pro se the district court's grant of a motion for summary judgment in favor of Amerigas Propane, Inc., and the district court's grant in part of Amerigas' partial motion to strike Cox's separate statement of facts opposing the summary judgment motion. We review the grant of summary judgment de novo. *See Buono v. Norton,* 371 F.3d 543, 545 (9th Cir.2004). We review evidentiary rulings made in the context of summary judgment for abuse of discretion. *See Domingo ex rel. Domingo v. T.K.,* 289 F.3d 600, 605 (9th Cir.2002) (internal citation omitted). We affirm. Cox failed to establish a prima facie case of retaliatory discharge in violation of Arizona's Employment Protection Act, Ariz.Rev.Stat. § 23–1501(3)(c)(ii), when he failed to show a causal connection between his protected activity and his discharge. *Hernandez v. Spacelabs Med. Inc.,* 343 F.3d 1107, 1113 (9th Cir.2003). Because Cox failed to make a showing sufficient to establish an element essential to his case for which he bore the burden of proof at trial, the district court properly granted summary judgment in Amerigas' favor. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Cox also has made no showing nor does the record reflect that the district court abused its discretion by excluding certain of Cox's statements of fact which were irrelevant or unsupported by admissible evidence.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

